DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

TERRACE TOWER U.S.A., INC.,
*Defendant.*

(TC 4395)

Oral argument on Plaintiff's Motion for Summary Judgment was held March 30, 2000, in the courtroom of the Oregon Tax Court, Salem.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, argued the cause for Plaintiff (the department).

W. Scott Phinney, Lake Oswego and Edward McGowan, San Francisco argued the cause for Defendant (taxpayer).

Decision for Defendant rendered June 15, 2000.

### CARL N. BYERS, Judge.

Plaintiff Department of Revenue (the department) appeals from a magistrate decision holding that gains realized by Defendant Terrace Tower U.S.A., Inc. (taxpayer) on certain investments were not apportionable business income.

The department claims the investments were held for purposes of acquiring a unitary property and therefore served an operational function. This matter is before the court on stipulated facts and Plaintiff's Motion for Summary Judgment.

## FACTS

John Saunders, a citizen and resident of Australia, is the sole owner of J.S. Securities Pty. Ltd. (Securities) an Australian Company. Securities is the sole owner of taxpayer. Taxpayer owns and operates a commercial office building in California.[1]

In 1992, taxpayer held approximately $2 million worth of securities in an investment portfolio separate from its real estate business. During that year, Securities contributed another $4.9 million to taxpayer, enabling taxpayer to contribute a total of $6,854,834 to a split unit trust controlled by Saunders. Securities also contributed $12,846,840 to the same trust. As a result of their agreements, Securities held the trust's income units, which meant it received all of the current income from the trust. Taxpayer held the trust's capital units, meaning it received all the capital gains. Taxpayer's primary purpose for the capital so invested was to purchase additional commercial real estate when appropriate property was located.

In 1993, taxpayer located an appropriate property in Portland, Oregon. Taxpayer formed an Oregon subsidiary corporation, Terrace Tower U.S.A. - Portland, Inc., (T.T. Portland) to own and operate the Oregon property. Taxpayer redeemed the capital units from the trust and used the funds to buy the Portland building. As a result of the redemption, taxpayer realized a net gain of $545,128.

Taxpayer and T.T. Portland filed a consolidated corporate excise tax return for the fiscal year ending June 30, 1994. That return reported a net operating loss of $173,735 apportionable to Oregon. Taxpayer's gain of $545,128 was treated as nonbusiness, nonapportionable income. Upon

---

[1] The stipulated facts include a history of layers of entities with subsequent name changes that are not necessary to the issue before the court. The court will set forth only those facts relevant to the issue at hand.

auditing the return, the department disagreed with tax-payer's characterization of the gain as nonbusiness income and assessed additional taxes.

## ISSUE

Was the gain taxpayer realized from the trust capital units apportionable business income?

## ANALYSIS

Although taxpayer does not conduct business in Oregon, by filing a consolidated income tax return with T.T. Portland it declared that the two businesses operate as one for income tax purposes. As a unitary business, its business income is apportionable under the familiar three-factor formula. *See* ORS 314.605 to ORS 314.670.[2] ORS 314.610(1) defines business income as follows:

> " 'Business income' means income arising from transactions and activity in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, the management, use or rental, and the disposition of the property constitute integral parts of the taxpayer's regular trade or business operations."

That statute has been construed as utilizing both a transactional and a functional test. *Simpson Timber Company v. Dept. of Rev.*, 13 OTR 315 (1995), *aff'd* 326 Or 370, 953 P2d 366 (1998). The transactional test is clearly not applicable here, and the court will not discuss it further.

In applying the functional test, this court has concluded that the legislature intends to tax to the full extent of its jurisdiction. *Pennzoil Co. v. Dept. of Rev.*, 15 OTR 101, 107 (2000). Therefore, the Due Process Clause and the Commerce Clause of the United States Constitution impose the primary limitation in applying that test.

Under the Due Process Clause and the Commerce Clause, a state may not tax value or income earned outside its borders. However, where a unitary business is conducted interstate, a state may apportion the entire unitary income of

---

[2] All references to the Oregon Revised Statutes are to 1993.

the business and impose an income tax on that portion attributable to business activities conducted within its borders. Many federal cases are concerned with whether the operating income of two or more corporations may be combined because their operations are unitary. *Butler Bros. v. McColgan*, 315 US 501, 62 S Ct 701, 86 L Ed 991 (1942). That is not an issue here. However, unitary businesses can receive many types of income in addition to operating income such as rents, royalties, interest, or capital gains. If a corporation invests in the stock of another corporation and the other corporation pays dividends to the owner of the stock, are those dividends apportionable business income? The cases indicate that if there is a unitary relationship between the two corporations, the dividend income will be considered apportionable business income. *Mobil Oil Corp. v. Commissioner of Taxes*, 445 US 425, 100 S Ct 1223, 63 L Ed 2d 510 (1980). If there is no unitary relationship, the dividends will not be considered business income and are not apportionable. *ASARCO Inc. v. Idaho State Tax Comm'n*, 458 US 307, 102 S Ct 3103, 73 L Ed 2d 787 (1982).

■        However, a unitary relationship between the payee and the payor is not the only basis for finding that investment income constitutes business income.[3] If an investment serves an "operational function," its income will be considered business income. For example, a corporation may invest its operating capital in short term securities in order to maximize its return until the funds are needed in the operating business. Such investments directly affect and influence the operation of the business and therefore play an active role in the operation of the business.

The leading case on this particular issue is *Allied-Signal v. Director, Tax Div.*, 504 US 768, 112 S Ct 2251, 119 L Ed 2d 533 (1992). Allied-Signal was a successor to Bendix Corporation, a manufacturer of aviation and automotive parts. Bendix conducted business in every state in the Union and was therefore subject to tax in every state. Over a period

---

[3] The Supreme Court has indicated that although the statutory definition of business income is "quite compatible with the unitary business principle," they are not the same. *Allied-Signal v. Director, Tax Div.*, 504 US 768, 112 S Ct 2251, 119 L Ed 2d 533 (1992).

of time, Bendix purchased in the open market approximately 20 percent of the stock of ASARCO, one of the world's leading producers of nonferrous metals.[4] Bendix then sold all of its ASARCO stock to ASARCO for a gain of $211.5 million. The state of New Jersey asserted that part of this gain was taxable by it.

Based on stipulated facts, the Supreme Court found there was no unitary relationship between Bendix and ASARCO. That left one remaining issue before the court: whether the income was taxable on some other grounds or rationale. *Allied-Signal* is significant because the court declined the request of New Jersey and *amicus curiae* to broaden the constitutional test. Specifically, New Jersey contended that all of the income of the business should be apportionable because it all serves a business purpose. The New Jersey Supreme Court had upheld this position. The United States Supreme Court reversed. In doing so, it stated:

> "Apart from semantics, we see no distinction between the 'purpose' test we rejected in ASARCO and the 'ingrained acquisition-divestiture policy' approach adopted by the New Jersey Supreme Court." *Id.* at 789.

In view of the department's arguments in this case, the court will explain why the same result must hold here.

*Allied-Signal* provides a good review of the law. The opinion reminds us that there must be " 'some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax.' " *Id.* at 777 (quoting *Miller Bros. Co. v. State of Maryland*, 347 US 340, 344-45, 74 S Ct 535, 98 L Ed 744 (1954)).

Corporations may conduct one or more separate businesses. All, some, or none of those businesses may be conducted interstate and may be unitary with another. Both unitary property taxation and unitary income taxation distinguish between the corporation and the businesses it conducts. In the case of a tax on an activity, such as an income tax, "there must be a connection to the activity itself, rather than a connection only to the actor the State seeks to

---

[4] This is the same corporation in *ASARCO, Inc. v. Idaho State Tax Comm'n.* cited above and decided ten years earlier.

tax." *Id.* at 778. For investments to be related to the activity, in the language of the United States Supreme Court, they must serve an "operational function."

■      An "operational function" test suggests that the court is looking at an asset as it would in a property tax case. Whether an asset is taxable as part of a unit of property for property taxation depends upon its function. A railroad tie or telephone pole is part of the taxable unit because it is an integral part of and functions interdependently with the other parts of the unit. Similarly, if the court applies a functional test for investments, it would seem to be looking to whether the investment functions interdependently with the other assets. An investment that performs an "operational function" such as operating capital functions interdependently because it will ebb and flow in direct relationship to the needs of the business. On the other hand, a "passive" investment is not interdependent with the operating business. A passive investment is unaffected by the ebb and flow of the business operations but functions for the benefit of the "actor" (corporation) rather than the business.

It may also be helpful to consider an investment using the unitary income tax test of whether there is a flow of value. A business is unitary when there is sufficient intermingling or relating of the activities within the taxing state and the activities without the taxing state so as to justify viewing all the activities as a single business. The unitary concept meets the demands of due process because there is "flow of value" between the activities that make it difficult or impossible to accurately measure the income earned by each activity on a geographical basis. Accordingly, it is fair to apportion a part of the total income to a particular jurisdiction in which some of the activities take place. *Container Corp. v. Franchise Tax Bd.*, 463 US 159, 103 S Ct 2933, 77 L Ed 2d 545 (1983).

■      In a similar sense, to serve an "operational function" there must be a flow of value between the investment and the activities sought to be taxed. When a corporation makes a "passive" investment, there is a flow of value to the corporation, the actor, but not to the unitary business activities that it conducts. On the other hand, an "operational investment"

results in a flow of value between the investment and the activities that constitute the business.

In this case, the court sees no distinction or difference between the department's "purpose" argument and similar arguments rejected by the United States Supreme Court in *Allied-Signal*. The parties have stipulated that the purpose of the capital-unit investment was to acquire another real estate business. The flow of value from that investment was to taxpayer as a corporation, not to its unitary business. In fact, there was no unitary business until after the gain had been realized. Therefore, the investment did not perform an operational function. The department's assessments of additional taxes cannot be sustained. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED, on the court's own motion, that judgment be entered in favor of Defendant. Costs to neither party.